UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY DAVIS,
    Plaintiff,

vs.

AMAZON.COM, INC.,
    Defendant.

Case No. 1:15-cv-753
Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court on defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim to relief (Doc. 5), plaintiff's opposing memorandum (Doc. 8)[1], and defendant's reply memorandum in support of the motion (Doc. 9). The matter is also before the Court on plaintiff's motion for appointment of counsel. (Doc. 11).

## I. Introduction

Plaintiff Anthony Davis brings this action against defendant Amazon.com for copyright infringement. (Doc. 3). Plaintiff also appears to allege that defendant committed "identity theft" and "theft of material." (*Id*. at 3). In support of his claims, plaintiff alleges that "Anthony Davis; Davis Books LLC['s] . . . [b]ook [*The Forgotten Heir*] was placed on Amazon.com by [] someone [] without [his] permission." (*Id.*). Plaintiff indicates that Amazon.com did not have permission for any type of reproduction or international distribution of the book. (*Id.*). Plaintiff alleges that after he and Davis Books informed defendant that their books were being listed on the Amazon.com website without their permission and were being sold without plaintiff and

---

[1] Plaintiff's response is captioned, "Unauthorized Use of Material." (Doc. 8).

Davis Books receiving a share of the proceeds, Davis Books was locked out of Amazon.com's website. (*Id.*). Plaintiff further alleges that Amazon.com has not responded to plaintiff's attempts to contact it. Plaintiff requests as relief the return of all of his materials that have been reproduced; the removal of all materials related to *The Forgotten Heir* from the Amazon.com website; the return of all proceeds from the sale of all such materials; and penalties and damages. (*Id.* at 4).

Defendant Amazon.com moves to dismiss plaintiff's federal copyright claim on the grounds: (1) plaintiff does not allege that he registered his book; and (2) assuming, *arguendo*, plaintiff's book was registered, his copyright infringement claim is barred by the "first-sale doctrine" set forth in 17 U.S.C. § 109(a). (Doc. 5). Defendant alleges that to the extent plaintiff seeks to assert additional causes of action for "identity theft" and "theft of material," those claims should be dismissed because they are not supported by any factual allegations. (*Id.*).

In response, plaintiff has submitted a number of documents.[2] (Doc. 8). These documents relate to the publisher Davis Books; sale of a copy of plaintiff's book on the Amazon.com website; listings for sale of "used" copies of the book by third parties on the Amazon.com website; and contacts plaintiff made with Amazon.com.[3] (Doc. 8). The documents include a Certificate of Registration issued by the United States Copyright Office effective September 24, 2004, for the work *The Forgotten Heir* authored by Anthony Davis. (*Id.* at 12).

---

[2] Plaintiff has also attached a number of documents to the complaint. (Doc. 3-1). The Court can consider these documents without converting the motion to dismiss to a motion for summary judgment under Fed. R. Civ. P. 56. *See Commercial Money Center, Inc. v. Illinois Union Ins. Co.* 508 F.3d 327, 335-36 (6th Cir. 2007) (a document referred to or attached to the pleadings and integral to the plaintiff's claims may be considered without converting a motion to dismiss into a motion for summary judgment).

[3] Some of the documents are illegible or only partially legible, including a letter dated July 1, 2008 (Doc. 8 at 26-27) and another unidentifiable document (*Id.* at 28).

2

In addition, plaintiff has attached several listings from the Amazon.com website offering "used" copies of *The Forgotten Heir* for sale by third parties. (*Id*. at 15, 30-32).

In reply, defendant states that it accepts as true the contents of the Certificate of Registration attached to plaintiff's response. (Doc. 9 at 4 n.5). Defendant argues that plaintiff's claim nonetheless fails under the "first-sale doctrine" because even accepting that plaintiff registered *The Forgotten Heir*, the documents attached to his response show that the copies allegedly sold on Amazon.com were "used" copies over which plaintiff had already relinquished control.

## II. Motion for appointment of counsel

Plaintiff moves for the appointment of counsel. (Doc. 11). The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Therefore, plaintiff's motion for appointment of counsel (Doc. 11) is **DENIED**.

### III. Defendant's motion to dismiss pursuant to Rule 12(b)(6)

#### A. Standard of review

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers [.]" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

4

### B. Defendant's Rule 12(b)(6) motion should be granted.

#### i. *Plaintiff's copyright infringement claim*

The Copyright Act, 17 U.S.C. § 106(3), "grants 'the owner of copyright under this title' certain 'exclusive rights,' including the right 'to distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership.'" *Kirtsaeng v. John Wiley & Sons, Inc.*, __ U.S. __, 133 S. Ct. 1351, 1354 (2013). The Act also imposes certain limitations on these rights, including the "first-sale doctrine" codified at 17 U.S.C. § 109(a). Section 109(a) provides:

> Notwithstanding the provisions of section 106(3), the owner of a particular copy or phonorecord lawfully made under this title, or any person authorized by such owner, is entitled, without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy or phonorecord.

17 U.S.C. § 109(a).

Thus, even though § 106(3) prohibits distribution of a copyrighted work without the copyright owner's permission, § 109(a) provides that "once a copy of [the work] has been lawfully sold (or its ownership otherwise lawfully transferred), the buyer of that *copy* and subsequent owners are free to dispose of it as they wish." *Kirtsaeng*, 133 S.Ct. at 1355 (emphasis in original) (explaining that "the 'first sale' has 'exhausted' the copyright owner's § 106(3) exclusive distribution right"). *See also Quality King Distributors, Inc. v. L'anza Research Int'l, Inc.*, 523 U.S. 135, 145 (1998) ("After the first sale of a copyrighted item 'lawfully made under this title,' any subsequent purchaser . . . is obviously an 'owner' of that item [and] such an owner 'is entitled, without the authority of the copyright owner, to sell' that item."). Stated otherwise, "the copyright holder controls the right to the underlying work, but the owner of a particular copy can dispose of it in any manner he or she wishes." *Brilliance Audio, Inc. v. Haights Cross Commc'ns, Inc.*, 474 F.3d 365, 371 (6th Cir. 2007). Together, the

exclusive distribution right and first-sale doctrine "promote the creation of new works and ensure that the creator is properly compensated for this effort," while also ensuring that the copyright monopoly does not interfere with individual property rights by eliminating that monopoly once the owner has consented to distribution of a copy and received compensation for the copy. *Id.* at 374 (citing *Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc.*, 832 F. Supp. 1378, 1389 (C.D. Cal. 1993) ("[T]he distribution right and the first sale doctrine rest on the principle that the copyright owner is entitled to realize no more and no less than the full value of each copy . . . upon its disposition.")). A plaintiff cannot succeed on a copyright infringement claim based on the sale of copies of a copyrighted work unless the copies were improperly obtained. *Sturgis v. Target Corp.*, 630 F. Supp.2d 776, 779 (E.D. Mich. 2009) (citing *United States v. Sachs*, 801 F.2d 839, 842 (6th Cir. 1986) ("Implicit in the act of 'infringement' is the requirement that the particular copy of the copyrighted work be an unauthorized or illegally obtained copy.")).

To prevail in a copyright infringement action, a plaintiff must establish that he owns the copyrighted work. *Sturgis v. Target Corp.*, 630 F. Supp.2d 776, 778 (E.D. Mich. 2009) (citing *Kohus v. Mariol,* 328 F.3d 848, 853 (6th Cir. 2003)). To establish his ownership interest in this case, plaintiff has submitted a Certificate of Registration with the United States Copyright Office for the book *The Forgotten Heir*. (Doc. 8 at 12). Defendant does not dispute the accuracy of the contents of the certificate. (Doc. 9 at 4 n.5). Accepting the contents of the Certificate of Registration as true, plaintiff has established that he owns the copyright to the book *The Forgotten Heir* for purposes of the motion to dismiss.

Nonetheless, the allegations of the complaint, liberally construed in plaintiff's favor and considered in conjunction with the attachments to the complaint, are insufficient to establish a

6

copyright infringement claim against defendant for violating plaintiff's distribution rights under the Copyright Act. The complaint includes only a vague allegation that "someone" listed *The Forgotten Heir* on Amazon.com's website without the permission of either plaintiff or Davis Books. (Doc. 3 at 3). The documentation plaintiff has attached to the complaint shows that the copies of the book listed on the Amazon.com website were "used" copies that were offered for sale by third parties. (Doc. 3-1 at 11-14). Under the first-sale doctrine, defendant and the third-party sellers did not need plaintiff's permission to list for resale or resell copies of plaintiff's book, and neither were they obligated to compensate plaintiff. *See Ricchio v. Amazon.com, Inc.*, No. 12-cv-00332, 2012 WL 4865016, at *2 (E.D. Wis. Oct. 12, 2012) (court dismissed claim alleging that Amazon.com infringed the plaintiff's copyright by allowing third parties to use its website to sell copies of plaintiff's book without the plaintiff's authorization and without compensating him; under the first sale doctrine, the plaintiff was "not entitled to profit from the resale of his book."). Absent a plausible allegation that the copies of plaintiff's book listed for sale by third parties on defendant's website were unlawfully made or obtained, plaintiff cannot state a claim for relief under Rule 12(b)(6). *See Sturgis*, 630 F. Supp.2d at 779. Plaintiff has not made any such allegation. Accordingly, plaintiff has not stated a claim to relief for copyright infringement against defendant Amazon.com for allowing the resale of copies of *The Forgotten Heir* by third parties on its website without compensating plaintiff. Plaintiff's claim for copyright infringement should be dismissed.

*ii. Plaintiff's remaining claims*

Plaintiff includes vague allegations in the complaint pertaining to "identity theft" and "theft of material." (Doc. 3 at 3). Insofar as plaintiff seeks to bring additional claims premised on these allegations, the claims should be dismissed. Plaintiff has not made specific factual allegations that state a plausible claim against defendant for identity theft or theft of plaintiff's "material."

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion for appointment of counsel (Doc. 11) is **DENIED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 5) be **GRANTED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 3/21/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY DAVIS,
    Plaintiff,

Case No. 1:15-cv-753
Dlott, J.
Litkovitz, M.J.

vs.

AMAZON.COM, INC.,
    Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).